**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**SANDRA PETERS JORDAN**                                                    **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO. 2:08cv97KS-MTP**

**WAL-MART STORES, EAST, L.P.**                                            **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#21]** and

Motion to Strike **[#28]** filed on behalf of the defendant.  The court, having reviewed the

motions, the responses, the briefs of counsel, the pleadings and exhibits on file and

being otherwise fully advised in the premises finds that the motion for summary

judgment is well taken and should be granted.  The court specifically finds as follows:


## FACTUAL BACKGROUND

On November 17, 2007, at approximately 10:00 P.M. the plaintiff was entering

the Wal-Mart store on Highway 49 in Hattiesburg, Mississippi, when she slipped and

fell.  She testified in her deposition that it had been raining all day that day and that it

was misting rain when she entered the store.  She also testified that she decided

against taking an umbrella into the store as it was not raining hard enough, but that

water was standing in the parking lot.  As a result of the allegedly wet conditions, she

stated that she was careful to wipe her rubber-soled shoes on the mat at the front

entrance of the store.  Immediately upon stepping off of the mats, the plaintiff slipped

and fell.  Jordan testified that she did not notice water on the floor prior to her fall but her

clothes were wet and dirty when she stood back up and she saw water in front of her and on her left side.

The plaintiff has not conducted any discovery in this matter, has taken no depositions and has propounded no interrogatories or requests for production to the defendant. However, Wal-Mart has produced a video of this incident which begins almost two hours prior to and including the plaintiff's fall. The video shows more than 400 people traversing the area of the plaintiff's fall without incident in this time period. During this time, nothing is spilled on the floor and no water or any other liquid or debris can be seen in the area.

The video also shows security personnel in and around the area as well as other Wal-Mart personnel including two different greeters, Andrew Dunaway and Felicia Walters. Walters was the greeter at the door that night and Dunaway filled in for her during a break. The video clearly shows Walters and Dunaway working and traversing the area of the plaintiff's fall many times. In fact, just minutes before the plaintiff's fall, Walters is seen sweeping in and around the front door as people pass through the area. Both of these employees have provided affidavits that no water was present on the floor at the time of Jordan's fall and the video does not show anyone cleaning up a spill or water on the floor after her fall.

Wal-Mart's internal policy calls for all associates to conduct periodic safety sweeps and also to be alert for potential hazards, including spills on floors, and to take action as soon as hazards are seen. These policies include specific safety sweeps at periodic intervals, but also continuing surveillance for hazards, referred to as the "clean-as-you-go" method, even counseling taking different routes to and from lunch and

breaks to help minimize hazards.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law

will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the

nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## PREMISES LIABILITY IN MISSISSIPPI

To prevail in the plaintiff's negligence claim, she must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendants to the plaintiff;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendant's motion has challenged the plaintiff's negligence claim generally and the plaintiff's ability to prove a breach of duty by the defendant, specifically. The

court notes that in order for the plaintiff to prevail against the defendant's challenge by the Motion for Summary Judgment, she must make a showing sufficient to establish the existence of the defendant's breach of duty on which she will bear the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

Because this court has original jurisdiction of this civil action via complete diversity of citizenship of the parties under 28 U.S.C §1332(a)(1), Mississippi law controls substantive issues.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1934); *Huss v. Gayden*, 465 F.3d 201, 205-06 (5th Cir. 2006).

Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care.  *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986).  Further, when a dangerous condition on the business premises is caused by the owner's or occupier's own negligence, no knowledge of its existence need be shown.  However, when a dangerous condition on the business premises is caused by third persons unconnected with the store, the burden is upon the non-moving party to show the owner or occupier had actual or constructive knowledge of the condition.  *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293 (Miss. 1988)(*citing Waller*, *supra*).

Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the owner or occupier should have known of it.  *Douglas v. Great Atlantic and Pacific Tea Company*, 405 So. 2d 107,120 (Miss. 1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes*, 247

Miss. 575,584, 156 So. 2d 734,736 (1963).  Regarding the passage of time and constructive notice, the Mississippi Supreme Court has stated:

> It does not follow that because the store opened at 8:00, that at precisely that time some person threw a dark object on the floor.  It is just as logical to assume that the object was thrown there two or three minutes before she stepped on it, and such presumption is not sufficient to sustain a recovery on the theory that the object had been placed there or remained there for a sufficient length of time so that appellee, by the exercise of reasonable care, should have known of the dangerous commission and removed the object from the floor.

*Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967); *See also Waller v. Dixieland Food Stores, Inc.*, 492 So.2d at 296.  Thus a mere lapse of time between when the floor around the injury site was surveyed for hazards and when the plaintiff fell is insufficient, in and of itself, to prove constructive notice.  *See, Mergendahl v. C.J. Gayfer and Company, Inc.*, 659 F.Supp. 351 (S.D. Miss. 1987).

Further, "[t]he fact that the Plaintiff suffered injuries as a result of a slip-fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act.  The premises' owner is not considered the insurer of the safety of its invitees."  *Dickens v. Wal-Mart Stores, Inc.*, 841 F.Supp. 768, 770 (S.D.Miss.1994) (quoting *Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss.1987)).

By opening their store to the public, the defendant has taken upon itself the obligation of keeping its premises free of obvious hazards or to warn of them.  The law of premises liability has developed to the point that it is next to impossible for one injured in a slip and fall accident to prove negligence on the part of the owner in the absence of direct action by the owner.  However, it is still a question of negligence that must be answered.  Is it more likely than not that the defendant acted or failed to act in

a way that caused or contributed to the plaintiff's injuries?  In order to answer the question at this stage of the litigations, it is incumbent upon the plaintiff to offer proof of a genuine issue of material fact that requires resolution by the trier of fact in order to defeat summary judgment.  Based on a review of the facts and evidence produced in this case, the court concludes that she has failed to meet her burden and, thus, summary judgment is appropriate.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#21]** filed on behalf of the defendant is granted and the plaintiff's Complaint is dismissed with prejudice and all other motions are denied as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 10th day of April, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE